# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Tri-State Pipeline, Inc.,**
**Defendant/Third-Party Plaintiff Below, Petitioner**

**vs)  No. 18-0183** (Kanawha County 13-C-2324)

**Jason Steorts, Individually; and**
**Steorts Homebulders, LLC,**
**Third-Party Defendant Below, Respondent**

**FILED**

**May 17, 2019**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tri-State Pipeline, Inc. ("Tri-State"), appeals the January 31, 2018 order of the Circuit Court of Kanawha County, West Virginia, granting Respondents Jason Steorts's, individually, and Steorts Homebuilders, LLC's (collectively "Respondents") motions for summary judgment. The circuit court found Tri-State's claims were barred under principles of issue preclusion in light of a prior arbitration.

This Court has considered the parties' briefs, their oral arguments, and the record on appeal.[1] Upon review, the Court discerns no substantial question of law and no prejudicial error. Consequently, a memorandum decision affirming the order of the circuit court is the appropriate disposition pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

Tri-State performed excavation work at Rockcrest Pointe Subdivision in South Charleston, West Virginia, pursuant to a contract with Skaff Family Limited Partnership ("Skaff"). During this project, Respondents were on site building several homes at the subdivision. When performing excavation work at the subdivision, Tri-State dumped fill dirt onto nearby property owned by Ridgewood Pool ("Ridgewood") that caused a landslide and extensive property damage. Skaff compensated Ridgewood and eventually purchased this property.

In December 2013, Skaff filed suit against Tri-State and asserted claims of negligence and breach of contract. Skaff sought to recover $251,948 for remediation of slips, as well as other damages, in connection with Tri-State dumping fill dirt on the Ridgewood property. Tri-State filed a third-party complaint against Respondents and asserted that Mr. Steorts, acting as an agent of Skaff, negligently directed it to dump fill dirt onto the Ridgewood property.

---

[1] Tri-State is represented by attorneys Benjamin T. Hughes and Evan Olds. Respondent Jason Steorts is represented by attorneys Daniel C. Cooper, and Jamison H. Cooper. Respondent Steorts Homebuilders, LLC, is represented by attorney Steven K. Nord.

1

Pursuant to their contract, Skaff and Tri-State participated in a binding arbitration proceeding in November of 2014. Respondents were not parties to the arbitration, but Mr. Steorts testified at that proceeding that he directed Tri-State to dump fill dirt onto Ridgewood's property so the contractors could level the area to build a playground and common area. Tri-State's project supervisor, James Cooper, testified at length in the arbitration hearing about how Mr. Steorts gave Tri-State specific instructions to deposit fill dirt on the Ridgewood property.[2]

The arbitrator found that Skaff (through its agent Mr. Steorts) and Tri-State were *both* negligent in causing the landslide. He reasoned that even if Mr. Steorts told Tri-State to place the fill dirt on the Ridgewood property, Tri-State was partially responsible because the property line was clearly shown on the map provided to Tri-State, and Tri-State's employee who was principally involved in the operation, Mr. Cooper, did not consult the map prior to dumping the fill dirt. The arbitrator reduced the amount of damages Tri-State owed Skaff for the remediation of slips on the Ridgewood property by $125,974 (half of $251,948) based on Respondents' actions.

After the arbitration order was rendered, the circuit court dismissed Skaff's claims against Tri-State in March of 2015.

In July 2016, Tri-State filed its Second Amended Third-Party Complaint against Respondents and asserted claims of negligence. Tri-State sought to recover $198,272 in damages it paid to Skaff following arbitration.[3] Respondents filed motions for summary judgment, arguing that Tri-State's claims were precluded by the earlier arbitration.

The circuit court granted Respondents summary judgment. It held that Tri-State's claims against Respondents were barred by collateral estoppel and/or res judicata. It reasoned that Tri-State was attempting to recoup from Respondents the amount the arbitrator already found to be attributable to its own negligence. The circuit court stated:

> Tri-State alleges that Jason Steorts breached certain alleged duties, including a duty to refrain from instructing Tri-State to dump fill dirt on the pool property and/or the duty to inform Tri-State that it was dumping dirt outside of the project boundaries. Importantly, these are the same acts and/or omissions that Tri-State accused Skaff of during the arbitration proceedings with the argument that Jason

---

[2] At the arbitration hearing, the parties introduced fifty-six exhibits. The arbitrator heard the testimony of eight witnesses.

[3] Tri-State alleged:

> In regard to the trespass and pool property land slip claims, the arbitrator awarded the following sums against Tri-State and in Skaff's favor $31,275.45, including pre-judgment interest, on the trespass claim; $136,997.08, including pre-judgment interest, on the slip repair claim [$125,974.33 which is half the cost of the remediation together with pre-judgment interest at $11,022.75]; and $30,000 in attorney's fees, for a total of $198,272.53 in damages[.]

Steorts served as Skaff's agent and are the same arguments that formed the basis of the Arbitrator's finding that Skaff was comparatively at fault for its claimed losses and damages.

Tri-State now appeals the circuit court's order granting Respondents summary judgment. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy,* 192 W. Va. 189, 451 S.E.2d 755 (1994). Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Furthermore, "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" Syl. Pt. 4, in part, *Painter,* 192 W. Va. at 190, 451 S.E.2d at 756.

Tri-State raises six assignments of error on appeal. We begin with assignment of error number five because it is dispositive. Tri-State contends that the circuit court erred in applying collateral estoppel because it did not have a full and fair opportunity to litigate the issues presented in its third-party claims since the issues of Respondents' negligence and/or agency relationship to Skaff were not fully litigated in arbitration. We disagree.

The doctrine of collateral estoppel—also called "issue preclusion"—is designed "to foreclose relitigation of *issues* in a second suit which have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit." Syl. Pt. 2, in part, *Conley v. Spillers,* 171 W. Va. 584, 301 S.E.2d 216 (1983) (emphasis added). Ordinarily, collateral estoppel is relied upon by a defendant to preclude a plaintiff from relitigating an issue that has previously been decided adversely to the plaintiff. "When the defendant asserts collateral estoppel against the plaintiff, it is termed 'defensive' because the defendant seeks to defend and bar the plaintiff's cause of action by a prior adverse judgment rendered against the plaintiff." *Id.* at 591, 301 S.E.2d at 222. This "defensive" collateral estoppel is the manner in which the doctrine is applied in the present case.[4]

In syllabus point one of *Miller*, this Court held as follows:

> Collateral estoppel will bar a claim [i.e., issue] if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

194 W. Va. at 6, 459 S.E.2d at 117.

---

[4] "[T]he doctrines of *res judicata,* or claim preclusion, and collateral estoppel, or issue preclusion, are closely related." *State v. Miller*, 194 W. Va. 3, 9, 459 S.E.2d 114, 120 (1995). Because we resolve this appeal on the basis of collateral estoppel, it is unnecessary to address the issue of res judicata. Thus, Tri-State's argument in assignment of error four is moot.

All four elements required for collateral estoppel to apply are present in the instant action. First, the issue of Tri-State's liability to Skaff for dumping fill dirt on Ridgewood property was the identical issue litigated at arbitration. Tri-State successfully argued at arbitration that it relied upon Respondents' direction to dump fill dirt onto the Ridgewood property, and the arbitrator reduced the damages Tri-State owed Skaff based on Respondents' actions. Tri-State's argument—that it does not seek to relitigate its liability to Skaff but only seeks to litigate its third-party claims against Respondents—is disingenous. Tri-State is clearly attempting to shift its liability to Skaff wholly onto Respondents, which is a blatant collateral attack to the arbitrator's decision. While the arbitrator did not address Respondents' liability separate and distinct from that of Skaff (because Respondents were not parties to the arbitration), the arbitrator *did* determine Tri-State's liability, and it is bound by that decision. *See* Syl. Pt. 6, *Conley*, 171 W. Va. at 586, 301 S.E.2d at 218 (recognizing stranger to first action can assert collateral estoppel in second action).

The remaining elements of collateral estoppel are also satisfied. As to the second element, there was a final adjudication on the merits in the arbitration proceeding. The third and fourth elements are met because the party against whom the doctrine is invoked—Tri-State—was a party to the arbitration; and the party against whom the doctrine is raised—Tri-State—had a full and fair opportunity to litigate the issue of Respondents' role with regard to Tri-State's negligence. Therefore, we have no hesitancy in holding that the circuit court properly concluded that Tri-State was collaterally estopped from further litigating these same issues.

There is no merit to Tri-State's argument that collateral estoppel should not apply here because the rules and procedures governing arbitration differ from those applied in court proceedings. "A body of West Virginia case law has evolved over the years that mandates arbitration awards be recognized as binding and final as to the matters presented." *Rashid v. Schenck Const. Co.*, 190 W. Va. 363, 367, 438 S.E.2d 543, 547 (1993). We recognize "there is good reason to treat the determination of the issues in an arbitration proceeding as conclusive in a subsequent proceeding, just as determinations of a court would be so treated." Restatement (Second) of Judgments § 84 (Am. Law. Inst. 1982) cmt c. The comment explains as follows:

> When arbitration affords opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has. Economies of time and effort are thereby achieved for the prevailing party and for the tribunal in which the issue subsequently arises.

*Id.*

Tri-State's remaining assignments of error merit little discussion. Tri-State argues that the circuit court misconstrued the arbitration order when it found that Tri-State sought double recovery. Tri-State states it is seeking the amount it paid to Skaff, which did not include the amount Skaff's award was reduced due to Respondents' actions. Tri-State also asserts that the circuit court erred in concluding that Respondents could not be held liable independent of any agency relationship to Skaff. However, as discussed above, the arbitrator's decision assessing Tri-State's liability to Skaff is binding and final; Tri-State's attempt to shift its liability in the instant action is an impermissible collateral attack to the arbitrator's decision.

4

Finally, Tri-State contends that the circuit court's finding that Mr. Steorts was an agent of Skaff is clearly erroneous and contrary to the evidence. Again, Tri-State fully litigated that issue at arbitration. Moreover, because Tri-State advanced that argument at arbitration, the doctrine of judicial estoppel precludes it from now taking an inconsistent position. *See State ex rel. Universal Underwriters Ins. Co. v. Wilson*, __ W. Va. __, 825 S.E.2d 95, 107 (2019) ("The judicial estoppel doctrine generally prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding or the same proceeding. The purpose of the doctrine is to protect the integrity of the judicial process, by prohibiting a party from deliberately changing positions according to the exigencies of the moment.") (quoting Louis J. Palmer, Jr. and The Hon. Robin Jean Davis, Litigation Handbook on West Virginia Rules of Civil Procedure § 8(c), at 235 (5th ed. 2017)).

For the reasons set forth above, we affirm the order of the Circuit Court of Kanawha County that granted Respondents' motions for summary judgment.

Affirmed.

**ISSUED:** May 17, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison